SAPIRO GOTTLIEB & KROLL
One Auer Court
East Brunswick, New Jersey 08816
(732) 613-8000
Lawrence C. Kroll, Esq. (ID#: 042661991)
Attorneys for David Saloff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIFE SCIENCE INSTITUTE, INC.<br><br>PLAINTIFF<br><br>vs.<br><br>DAVID SALOFF, LARRY NUSBAUM and QUALITY CONSUMER BRANDS, LLC<br><br>DEFENDANTS | Civil Action No: 2:15-cv-03258-ES-MAH<br><br>ANSWER OF DAVID SALOFF TO FIRST AMENDED COMPLAINT OF LIFE SCIENCE INSTITUTE, INC. |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW, DAVID SALOFF ("Saloff") by and through undersigned counsel, answers, Plaintiff's first amended complaint as follows:

ANSWER

1. All allegations of the complaint not expressly admitted herein are denied.

2. In response to paragraph 1, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

3. In response to paragraph 2, Saloff admits that he is an individual residing at 1589 Michael Lane, Pacific Palisades, CA 90272.

4. In response to paragraph 3, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

5. In response to paragraph 4, Saloff admits that QCB is a corporation organized and existing under the laws of the state of Nevada with its principal place of business at 2721 West Coast Highway, Suite B Newport Beach, CA 92663.

6. In response to paragraph 5, Saloff admits that LSI and Defendants are citizens of different states.

7. In response to paragraph 6, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

8. In response to paragraph 7, Saloff denies that LSI is in the business of developing, marketing and selling cosmetic health products.

9. In response to paragraph 8, Deny. Saloff admits that LSI hired Saloff on April 1, 2013.

10. In response to paragraph 9, Saloff admits that soon after hiring Saloff, LSI altered its ownership structure and Saloff and his wife each received a 1.5 percent ownership interest in LSI.

11. In response to paragraph 10, Saloff denies that LSI and Saloff entered into a new employment agreement on August 14, 2013. Saloff admits that LSI hired Saloff on August 15, 2014. As to the other allegations contained in paragraph 10, Saloff denies each and every allegation contained therein.

12. In response to paragraph 11, Saloff admits that the nature of his employment and compensation was defined in the Employment Agreement.

13. In response to paragraph 12, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

14. In response to paragraph 13, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

15. In response to paragraph 14, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

16. In response to paragraph 15, Saloff denies each and every allegation contained therein.

17. In response to paragraph 16 Saloff denies each and every allegation contained therein.

18. In response to paragraph 17 Saloff denies each and every allegation contained therein.

19. In response to paragraph 18 Saloff denies each and every allegation contained therein.

20. In response to paragraph 19 Saloff denies each and every allegation contained therein.

21. In response to paragraph 20 Saloff denies each and every allegation contained therein.

22. In response to paragraph 21 Saloff denies each and every allegation contained therein.

23. In response to paragraph 22, Saloff denies each and every allegation contained therein.

24. In response to paragraph 23, Saloff denies that Saloff agreed that LSI would pay Nusbam $5,000 a month in exchange for Nusbaum's performance for certain tasks. As to the rest of the allegations, in paragraph 23, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained herein.

25. In response to paragraph 24, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

26. In response to paragraph 25, Saloff denies each and every allegation contained therein.

27. In response to paragraph 26, Saloff admits that Dr. Giampapa had an ongoing business relationship with Jeunnese.

28. In response to paragraph 27, Saloff admits that he was aware of Dr. Giampapa's relationship with Jeunnese and was receiving a portion of certain royalties that Dr. Giampapa was receiving for his consulting work.

29. In response to paragraph 28, Saloff admits that a dispute arose between Saloff and Giampapa over the amount of royalties he believed he was owed.

30. In response to paragraph 29, Saloff denies each and every allegation contained therein.

31. In response to paragraph 30, Saloff denies each and every allegation contained therein.

32. In response to paragraph 31, Saloff denies each and every allegation contained therein.

33. In response to paragraph 32, Saloff denies each and every allegation contained therein.

34. In response to paragraph 33, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

35. In response to paragraph 34, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

36. In response to paragraph 35, Saloff denies each and every allegation contained therein.

37. In response to paragraph 36, Saloff denies each and every allegation contained therein.

38. In response to paragraph 37, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

39. In response to paragraph 38, Saloff does not have sufficient information or belief to enable him to answer these allegations and on that ground, deny each and every allegation contained therein.

40. In response to paragraph 39, Saloff denies each and every allegation contained therein.

41. In response to paragraph 40, Saloff denies each and every allegation contained therein.

42. In response to paragraph 41, Saloff denies each and every allegation contained therein.

43. In response to paragraph 42, Saloff denies each and every allegation contained therein.

COUNT V (Civil Conspiracy as to Saloff)

44. In response to paragraph 59 of the Complaint, Saloff incorporates every each and every admission, denial, allegation and other response contained in paragraphs 1 through 42 as though set forth in full herein.

45. In response to paragraph 60, Saloff denies each and every allegation contained therein.

46. In response to paragraph 61, paragraph 61 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

COUNT VII (Breach of Fiduciary Duty)

47. In response to paragraph 4 of the Complaint, Saloff incorporates every each and every admission, denial, allegation and other response contained in paragraphs 1 through 43 and paragraphs 44 to 46 as though set forth in full herein.

48. In response to paragraph 5 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

49. In response to paragraph 6, Saloff denies each and every allegation contained therein.

50. In response to paragraph 7, paragraph 7 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

COUNT VIII (Breach of Contract to Saloff)

51. In response to paragraph 1, of the Complaint, Saloff incorporates every each and every admission, denial, allegation and other response contained in paragraphs 1 through 42 and paragraphs 44 to 46 and 47 to 50 as though set forth in full herein.

52. In response to paragraph 8, Saloff denies each and every allegation contained therein.

53. In response to paragraph 9, paragraph 9 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

COUNT IX (Fraudulent Inducement as to Saloff)

54. In response to paragraph 10, of the Complaint, Saloff incorporates every each and every admission, denial, allegation and other response contained in paragraphs 1 through 43 and paragraphs 44 to 46 and 52 to 53 as though set forth in full herein.

55. In response to paragraph 11, Saloff denies each and every allegation contained therein.

56. In response to paragraph 12, Saloff denies each and every allegation contained therein.

57. In response to paragraph 13, paragraph 13 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

<u>COUNT X</u> (Fraudulent Concealment as to Saloff)

58. In response to paragraph 14, of the Complaint, Saloff incorporates every each and every admission, denial, allegation and other response contained in paragraphs 1 through 43 and paragraphs 49 to 57 and 59 to 61 as though set forth in full herein.

59. In response to paragraph 15, Saloff denies each and every allegation contained therein.

60. In response to paragraph 16, Saloff denies each and every allegation contained therein

61. In response to paragraph 17, Saloff denies each and every allegation contained therein.

62. In response to paragraph 18, Saloff denies each and every allegation contained therein.

63. In response to paragraph 19, paragraph 19 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

64. In response to paragraph 20, paragraph 20 of the complaint contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Saloff denies each and every allegation contained therein.

ADDITIONAL DEFENSES

FIRST AFFIRMITIVE DEFENSE

65. Plaintiff's Complaint fails to state a cause of action against Saloff.

SECOND AFFIRMATIVE DEFENSE

66. Plaintiff is not entitled to injunctive or declaratory relief since the remedies at law are adequate.

THIRD AFFIRMATIVE DEFENSE

67. Plaintiff lacks standing to assert the claims asserted in its Complaint.

FOURTH AFFIRMATIVE DEFENSE

68. Any injury to Plaintiff was due to and caused by the negligence and/or omissions of Plaintiff to care for itself, whose carelessness and/or negligence and/or omissions was the proximate cause of the damage, if any, to Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

69. To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed by Plaintiff's negligence and damage, if any should be reduced in direct proportion to its fault.

SIXTH AFFIRMATIVE DEFENSE

70. The injuries and damages alleged by Plaintiff, if any, were proximately caused by the conduct, negligence, and liability of other persons or entities, and this answering Defendant requests that an allocation of such conduct, negligence and liability be made among such other persons or entities, and that, if any liability be found on the part of Defendant, judgment against Defendant be only in an amount proportionate to the extent and percentage by which this answering Defendant's acts or omissions contributed to Plaintiff's injuries or damages, if at all.

SEVENTH AFFIRMATIVE DEFENSE

71. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's detriment.

EIGHTH AFFIRMATIVE DEFENSE

72. Plaintiff failed to mitigate its damages.

NINTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

TENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims and requests for relief are barred, in whole or in part, by waiver.

ELEVENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

TWELFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of judicial estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of assumption of risk.

FOURTEENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims and requests for relief are barred, in whole or in part, by consent.

FIFTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

WHEREFORE, Defendant prays for judgment dismissing Plaintiff's complaint and for its costs and attorneys fees.

JURY DEMAND

Defendant demands that all issues in this case be tried by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant Saloff prays as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its reasonable attorneys' fees costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: July 20, 2015.

/s/ Lawrence Kroll
Lawrence Kroll, Esq.
Sapiro Gottleib & Kroll
Attorneys for David Saloff